Kulwinder KAUR, Petitioner,

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 09–71065.

United States Court of Appeals, Ninth Circuit.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted Feb. 21, 2012.*

Filed March 2, 2012.

Christopher John Stender, Esquire, Immigration Practice Group, A Professional Corporation, San Francisco, CA, for Petitioner.

Aliza Bessie Alyeshmerni, Trial, OIL, U.S. Department of Justice, Washington, DC, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: FERNANDEZ, McKEOWN, and BYBEE, Circuit Judges.

## MEMORANDUM **

Kulwinder Kaur, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order denying her motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion, *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir.2003), and we deny the petition for review.

The BIA did not abuse its discretion in denying Kaur's fourth motion to reopen as numerically-barred and untimely where the motion was filed over 12 years after the BIA's final order, *see* 8 C.F.R. § 1003.2(c)(2), and Kaur failed to establish changed circumstances in India to qualify for the regulatory exception to the time and number limit for filing motions to reopen, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *see*

*also Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir.2004) ("The critical question is … whether circumstances have changed sufficiently that a petitioner who previously did not have a legitimate claim for asylum now has a well-founded fear of future persecution.").

We reject Kaur's contentions that the BIA failed to consider and address her supporting evidence. *See Najmabadi v. Holder*, 597 F.3d 983, 990–91 (9th Cir. 2010). We also reject Kaur's contention that the time limitation for filing a motion to reopen does not apply to her application for relief under the Convention Against Torture. *See* 8 C.F.R. § 1208.18(b)(2)(i).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

